# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Shannon Tyrone Craig,   Case No.: 12cv1775 (SRN/SER)

              Plaintiff

v.   **REPORT AND RECOMMENDATION**

State of Minnesota,

              Defendant.

---

Plaintiff, an Iowa state prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed *in forma pauperis*, ("IFP"). [Doc. Nos. 1 and 2.] The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Because Plaintiff is a prisoner, he is required to pay an initial partial filing fee before he can proceed IFP. *See* 28 U.S.C. § 1915(b)(1). On August 23, 2012, the Court ordered Plaintiff to pay an initial partial filing fee of $21.41 within twenty (20) days. [Doc. No. 4.] Plaintiff did not pay his initial partial filing fee as ordered. In several other cases that Plaintiff recently brought in this District, however, he has filed motions asking to be excused from paying his initial partial filing fee. (See Civil Nos. 12-1772 (SRN/SER), 12-1773 (SRN/SER), and 12-1774 (SRN/SER).) Nevertheless, based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Notwithstanding this Court's Order that Plaintiff is not excused from paying the entire filing fee overtime, the Court will recommend that

Plaintiff's motion to be excused from paying his initial partial filing fee be granted. The Court will also recommend, however, that Plaintiff's IFP application be denied, and that this action be summarily dismissed, for the reasons discussed below.

## I. BACKGROUND

Plaintiff is attempting to sue the State of Minnesota for injuries that he allegedly sustained while incarcerated in a Minnesota Department of Corrections prison facility. Plaintiff alleges that at some point between 2007 to 2009 another inmate ran into his cell and started beating him "out of the blue." Plaintiff alleges sustaining a concussion and injuries to his ankle. Furthermore, he alleges that he continues to have "migraines and neck problems" as a result of his injuries. The complaint fails to describe any wrongdoing by the State of Minnesota; nevertheless Plaintiff believes that the State of Minnesota should be liable for his alleged injuries. Plaintiff is seeking a judgment against the State of Minnesota in the amount of $100,000,000.00.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental defendant, his pleading (in contrast to his pleading in Civ. No. 12-1776 (DSD/SER)) must be screened pursuant to 28 U.S.C. § 1915A. That statute requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the complaint are actionable and should be allowed to proceed. When a pleading fails to state a cognizable claim, or attempts to bring a claim against a party that is immune from being sued, the action must be dismissed. 28 U.S.C. § 1915A(b). Here, Plaintiff's complaint

must be summarily dismissed pursuant to § 1915A, because the State of Minnesota is immune from suit in federal court.

The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. *Pugh v. Alabama*, 438 U.S. 781, 782 (1978) (*per curiam*); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988). Plaintiff has not identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there are no allegations showing that the State of Minnesota has waived its immunity and consented to be sued in this case. The State of Minnesota is constitutionally immune from Plaintiff's present lawsuit.

## III. CONCLUSION

Because the only named Defendant in this action is immune from being sued in federal court, the Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). The Court will also recommend that Plaintiff's IFP application be denied. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[1] Plaintiff has not yet paid any fee in this matter, so he still owes

---

[1] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the

the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Because Plaintiff has not pleaded an actionable claim in this case, the Court will further recommend that his pending motion for appointment of counsel, (Docket No. 3), be summarily denied. *See Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered **if** the claimant has stated a facially cognizable claim for relief).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff be excused from paying any initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1);

2. Plaintiff's application for leave to proceed *in forma pauperis*, [Doc. No. 2], be **DENIED**;

3. Plaintiff's motion for appointment of counsel, [Doc. No. 3], be **DENIED**;

4. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b); and

5. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2).

---

initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4

Dated: October 11, 2012                             s/Steven E. Rau
                                                    Steven E. Rau
                                                    U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 25, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.